UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MI Rosdev Property, L.P.,
a Delaware limited partnership,

        Plaintiff,

v.                                                                          Case No. 16-12588
                                                                            Hon. Sean. F. Cox

Abraham Shaulson,
an individual,
        Defendant.
_____/

**OPINION & ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS**

On July 11, 2016, Plaintiff MI Rosdev Property, L.P.'s ("Plaintiff") filed a complaint

alleging claims of breach of contract and breach of fiduciary duty.  (Doc. #1, Compl.).

Plaintiff's complaint acknowledges that the governing contracts contain an arbitration agreement

and requests that the Court: (1) order the parties to arbitrate their disputes; (2) enter a temporary

restraining order; and (3) enter a preliminary injunction pending the completion of arbitration.

Currently before the Court is Defendant Abraham Shaulson's ("Defendant") Motion to

Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. #20, Def.'s

Br.).  Defendant seeks dismissal of Plaintiff's complaint, asserting that the claims are subject to

arbitration.  Plaintiff opposes the motion, arguing that arbitration has not yet commenced.  (Doc.

#22, Pl.'s Resp.).  The Court has determined that oral argument will not significantly aid the

decisional process and will therefore rule upon the briefs.  E.D. Mich. LR 7.1(f)(2).

For the reasons that follow, Defendant's motion is **GRANTED**.

**BACKGROUND**

Defendant Shaulson is the manager of the following two limited liability companies: MI Holdings and MI Saginaw.  (Compl. at ¶¶ 9, 14).  Plaintiff MI Rosdev Property, along with others, is a member of both MI Holdings and MI Saginaw.  (*Id*.).  MI Holdings and MI Saginaw own properties currently being operated as assisted living facilities in Michigan.  Limited liability company agreements ("LLC Agreements") were executed as to both MI Holdings and MI Saginaw and these LLC Agreements govern the parties' relationship here.

On July 11, 2016, Plaintiff filed a complaint asserting that Defendant Shaulson disregarded his obligations to MI Holdings and MI Saginaw.  Plaintiff alleges that Defendant breached MI Holdings' LLC Agreement and MI Saginaw's LLC Agreement.  Plaintiff's complaint seeks to enforce an alternative dispute resolution provision contained within the LLC Agreements.  Plaintiff additionally seeks injunctive relief pending arbitration.

The arbitration agreement at issue provides:

Section 10.5   Dispute Resolution.   To the fullest extent permitted by law, any dispute between or among the parties arising of or related to this Agreement shall be decided by arbitration before a Beth Din (the "Beth Din"), an Orthodox Jewish Rabbinical Court, which shall have exclusive jurisdiction to arbitrate and resolve all disputes arising out of or related to this Agreement.  The parties to each dispute shall mutually agree on the particular Beth Din which will resolve such dispute.  If the parties cannot agree on the Beth Din, then the Beth Din of Mechon L'hoyroa of Monsey, New York shall select the Beth Din.  The foregoing agreement to arbitrate is intended to be specifically enforceable under applicable law in any court having jurisdiction thereof.  The award rendered by the Beth Din pursuant to the provisions of this Section 10.5 shall be final, and judgment may be entered upon it and enforced in accordance with applicable law in any court having jurisdiction thereof.  Notwithstanding any provision of the Agreement to the contrary, this Section 10.5 shall be construed to the maximum extent possible to comply with the laws of the State of Delaware, including the Uniform Arbitration Act (the "Delaware Arbitration Act").  If, nevertheless, it shall be determined by a court of competent jurisdiction that any provision or wording of this Section 10.5 shall be invalid or unenforceable under the Delaware Arbitration

2

Act, or other applicable law, such invalidity shall not invalidate all of this <u>Section 10.5</u>. In that case, this <u>Section 10.5</u> shall be construed so as to limit any term or provision so as to make it valid or enforceable within the requirements of the Delaware Arbitration Act or other applicable law, and, in the event such term or provision cannot be so limited, this <u>Section 10.5</u> shall be construed to omit such invalid or unenforceable provision.

(*Id*. at ¶ 30).

On the same date that Plaintiff filed its complaint, Plaintiff also filed a "Motion to Enforce Arbitration Agreement and Maintain Status Quo Pending Arbitration." (Doc. #2). In it, Plaintiff asked the Court to: (1) order the parties to proceed to arbitration as set forth in Section 10.5 of the LLC Agreements; (2) to enter temporary restraining order, enjoining Defendant from directly or indirectly selling, assigning, exchanging, mortgaging, transferring, convening or otherwise disposing of any assets owned or indirectly owned by MI Hastings LLC, MI Monroe Holdings LLC, MI Adrian Holdings LLC, MI Saginaw Holdings LLC, MI Property Holdings LLC or MI Saginaw Capital Holdings LLC pending the completion of a preliminary injunction hearing before the Court; (3) to hold a preliminary injunction hearing; and (4) to enter a preliminary injunction enjoining Defendant from engaging in the same conduct described in the request for a temporary restraining order.

On July 12, 2016, the Court issued a Temporary Restraining Order to Maintain Status Quo (Doc. #5) against Defendant Shaulson and scheduled a Status Conference for July 19, 2016 at 9:30 a.m. Counsel for both parties appeared before the Court on July 19, 2016 and attempted, without success, to negotiate a resolution. The Court then continued the Temporary Restraining Order until July 20, 2016 and ordered Michael Rosenberg, agent of Plaintiff, and Defendant Shaulson to appear before the Court on July 20, 2016.

On July 20, 2016, the parties entered into a Stipulated Order that provided, in part, that:

The parties **shall proceed with arbitration before the Beth Din as specified in the LLC Agreements**, with the mutually agreed upon Rabbi Graus, Rabbi Stern, and Rabbi Rosenberg Beth Din, with an initial appearance scheduled for July 27, 2016, subject to availability.

\* \* \* \*

The July 12, 2016, Temporary Restraining Order to maintain Status Quo ("TRO") is extended until July 28, 2016, at 5:00 p.m., at which time it shall dissolve on its own unless extended by the Court.

Plaintiff shall dismiss this action without prejudice under Rule 41 and without costs, fees or sanctions to any party, on July 29, 2016, unless either party petitions the Court, demonstrates good cause, and requests the Court's first available hearing date. This will not act as an adjudication on the merits, which may be decided by the Beth Din.

(Doc. #15) (emphasis added). The Stipulated Order also required the parties to submit status reports.

Based upon the reports submitted, (Doc. #16, Def.'s Rep.; Doc. #17, Pl.'s Rep.), it appears undisputed that the parties proceeded to arbitration before Rabbi Graus, Rabbi Stern and Rabbi Rosenberg in New York on July 27, 2016. Both parties have submitted signed "Agreements to Submit to Arbitration" in varying forms. The agreements are identical but for the rider on page two of Plaintiff's agreement that Defendant refused to sign.

On July 28, 2016, Plaintiff filed an "Emergency Motion to Extend Temporary Restraining Order to Maintain Status Quo." (Doc. #18). In it, Plaintiff argues that arbitration has not yet commenced because the parties have signed varying forms of the "Agreement to Submit to Arbitration." Plaintiff concluded that good cause existed to extend the temporary restraining order. Defendant filed a response opposing the motion. (Doc. #19). This motion remains pending before the Court.

On August 4, 2016, Defendant filed the instant Motion to Dismiss Plaintiff's complaint

pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. #20, Def.'s Br.).

Defendant argues that the complaint should be dismissed pursuant to the controlling arbitration

provision, which has been demanded and commenced on July 27, 2016.  Plaintiff opposes the

motion (Doc. #22, Pl.'s Resp.) and Defendant has filed a reply (Doc. # 23, Def.'s Reply).

## APPLICABLE STANDARDS

In a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil

Procedure 12(b)(1), the party invoking federal jurisdiction bears the burden of proving it.

*Dismas Charities, Inc. v. U.S. Dep't of Justice*, 401 F.3d 666, 671 (6th Cir. 2005).  Subject-

matter jurisdiction may be challenged facially or factually.  *Ohio Nat'l Life Ins. Co. v. U.S.* 922

F.2d 320, 325 (6th Cir. 1990).  A facial attack on subject-matter jurisdiction questions the

sufficiency of the pleadings.  *Id.*  When evaluating a facial attack, the Court looks to whether the

plaintiff has alleged a basis for subject matter jurisdiction and takes all allegations plead in the

complaint as true.  *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014).  However, under a

factual attack, the Court can actually weigh evidence to confirm the existence of the factual

predicates for subject-matter jurisdiction.  *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491

F.3d 320, 330 (6th Cir. 2007).  "[N]o presumptive truthfulness applies to the complaint's

allegations, and [the court] must weigh conflicting evidence."  *Id.*

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the

complaint fails to state a claim upon which relief can be granted. When reviewing a motion to

dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to

the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the

plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  Dismissal is appropriate

5

if the plaintiff failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

## ANALYSIS

The parties agree that agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. When a plaintiff's claims fall within the scope of the parties' arbitration agreement, the "arbitration provision divests the District Court of jurisdiction over [such] claims." *Simon v. Pfizer Inc*., 398 F.3d 765, 773 (6th Cir. 2005). The Sixth Circuit has upheld the dismissal of complaints when all issues raised are referred to arbitration. *Ozormoor v. T-Mobile USA, Inc*., 354 Fed. App'x 972, 975 (6th Cir. 2009).

Plaintiff's complaint alleges that Defendant Shaulson has breached the terms of the LLC Agreements governing the parties' relationship. Here, neither party disputes that the LLC Agreements governing the parties' relationship contain a valid arbitration provision. Nor do the parties dispute that Plaintiff's claims and requested relief fall within the scope of the arbitration

6

provision.  In fact, neither party advances any argument against the arbitration provision at all.

The parties further stipulated to proceeding to arbitration pursuant to the terms of the arbitration

provision specified in the LLC Agreements.  (Doc. #15).

On July 27, 2016, pursuant to the Stipulated Order, the parties convened before the Beth

Din.  To the extent that the parties now dispute how the matter is to proceed before the Beth Din,

that is for the Beth Din to decide and not this Court.  And to the extent that Plaintiff's complaint

seeks injunctive relief, it undisputed that Plaintiff's request falls within the scope of the parties'

arbitration provision.  Thus, Plaintiff's requested relief is not appropriately before this Court.

Instead, Plaintiff may seek injunctive relief before the Beth Din.

## CONCLUSION

Dismissal is proper when all of a plaintiff's claims are all subject to mandatory

arbitration.  *See Dietz v. Allied Home Mortg. Capital Corp.*, 2010 WL 4286193, at *4 (E.D.

Mich. Oct. 26, 2010).  Accordingly, Defendant Shaulson is entitled to dismissal of Plaintiff's

claims.  Defendant's motion to dismiss is hereby **GRANTED** and Plaintiff's claims are

**DISMISSED**, in deference to arbitration.

**IT IS SO ORDERED.**

S/Sean F. Cox_____
Sean F. Cox
United States District Judge

Dated:  September 27, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on
September 27, 2016, by electronic and/or ordinary mail.

S/Jennifer McCoy_____
Case Manager